IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WALTER HILL, #B-58710, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-01286-NJR |
| | ) | |
| WILLIAM CARAWAY, MAJOR PITT, | ) | |
| MICHAEL DURBIN, and SGT. PRUITT, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Walter Hill, an inmate currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts constitutional claims arising out of events that occurred at Big Muddy in June 2015. (Doc. 1).

The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to

relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### The Complaint

The events giving rise to this action stem from an incident that occurred on June 3, 2015. (Doc. 1, p. 6). On that day, Defendant Caraway fired Plaintiff from his job in the dining hall after Caraway caught Plaintiff passing brownies to another inmate. *Id*. Defendant Caraway then ordered Plaintiff to return to his housing unit. Plaintiff alleges that as he was walking back to his unit, Caraway repeatedly grabbed him by the collar in an aggressive manner. *Id*. Plaintiff states that he repeatedly "extricated" himself from Caraway's grip; Caraway then grabbed Plaintiff's right arm, tried to force it over Plaintiff's head, and ordered Plaintiff to cuff up. *Id*. After extricating himself again from Caraway's grip, Plaintiff turned around to comply with the order. *Id*. At that moment, Defendant Durbin ran out of the chow hall and "slammed" the handcuffs on Plaintiff's wrists so hard that the skin was broken on Plaintiff's left wrist. *Id*. Defendants Caraway and Durbin then proceeded to place Plaintiff in a severe front leaning stress position, with his face only a few inches from the ground, and drag him by his arms 150-200 feet to segregation. *Id*. at 7. At one point while dragging Plaintiff, Defendants Caraway and Durbin threw Plaintiff to the ground, and Defendant Durbin jumped on Plaintiff's back with his knee and all of his body weight pressed into Plaintiff's back. Plaintiff contends that Defendant Pitt (Defendants Caraway and Durbin's superior) observed the use of excessive force by Caraway and Durbin, but failed to intervene. *Id*. at 6.

Later that evening, Plaintiff was seen by a nurse in the healthcare unit, and his injuries

were documented. *Id*. at 7. Plaintiff's medical records indicate that he had an abrasion to the left side of his face and molar area; skin breakage and bleeding on his wrists; and an injury to his right shoulder. *Id*. Since the incident, Plaintiff has been seen repeatedly for the injury to his right shoulder, and he maintains that the shoulder injury continues to cause him pain.

Plaintiff later received a disciplinary ticket, written by Defendant Pruitt, related to the events that occurred that day. *Id*. at 8. Plaintiff maintains that he was falsely charged and convicted of disobeying a direct order and insolence. Plaintiff insists that he did not commit either offense. *Id*. In order to defend against the charges, Plaintiff requested that Defendant Pitt, who had observed the entire incident, to appear as a witness at his disciplinary hearing, but Pitt did not appear. *Id*. at 9. Plaintiff seeks monetary damages against Defendants Caraway, Durbin, Pitt, and Pruitt. *Id*. at 12.

## Analysis

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to organize the claims in Plaintiff's *pro se* complaint, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1: Excessive Force**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and

sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Several factors are relevant to this determination, including the need for force, the amount applied, the threat a guard reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir.2004).

Here, Plaintiff alleges that Defendants Caraway and Durbin used excessive force against him without any apparent penological justification. Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that Plaintiff has articulated a colorable excessive force claim and may proceed on this claim against Defendants Caraway and Durbin.

**Count 2: Failure to Intervene**

Under certain circumstances, "a state actor's failure to intervene renders him or her culpable under § 1983." *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir.1994). An inmate asserting a failure to intervene claim under § 1983 against officers who were present when the inmate's constitutional rights were violated by a different officer, must show that the officers had reason to know that excessive force was being used, and the officers had a "realistic opportunity to intervene to prevent the harm from occurring." *Abdullahi v. City of Madison,* 324 F.3d 763, 774 (7th Cir. 2005) (quoting *Yang v. Hardin,* 37 F.3d 282, 284 (7th Cir.1994)).

Plaintiff claims that Defendant Pitt was present and observed Defendants Caraway and Durbin using excessive force, but failed to intervene. The circumstances surrounding the alleged use of excessive force and Defendant Pitt's ability to intervene are questions of fact that cannot be resolved at this stage. *See Lanigan v. Vill. of E. Hazel Crest, Ill.*, 110 F.3d 467, 478 (7th Cir.

1997) ("Whether an officer had sufficient time to intervene or was capable of preventing the harm caused by the other officer is generally an issue for the trier of fact unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise.") Therefore, Plaintiff may proceed on his failure to intervene claim against Defendant Pitt.

**Count 3: False Disciplinary Charges**

Lastly, Plaintiff contends that Defendant Pruitt wrote him up on false disciplinary charges following the incident on June 3, 2015. Plaintiff further asserts that he was denied a fair disciplinary hearing on the charges because he was not allowed to call a witness, Defendant Pitt, a correctional officer, who observed the incident. Plaintiff states that he was never told why Defendant Pitt did not appear at the hearing, even after he filed a grievance regarding the matter. The Adjustment Committee's final summary report indicates that Plaintiff was found guilty of the charges and sentenced to fifteen days in segregation.

The issuance of false disciplinary charges does not violate an inmate's constitutional rights unless (1) the charges were issued in retaliation for the exercise of a constitutional right, *see Younger v. Hulick*, 482 F. App'x 157, 159 n. 1 (7th Cir. 2012) (citing *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994)), or (2) the inmate was denied a hearing in compliance with the procedural due process requirements set forth in *Wolff v. McDonnell,* 418 U.S. 539 (1974) (i.e., advance written notice of the charge, right to appear before the hearing panel, the right to call witnesses if prison security allows, and a written statement of the reasons for the discipline imposed).

Here, Plaintiff does not suggest that Defendant Pruitt issued the false disciplinary charges to retaliate against Plaintiff. Instead, Plaintiff asserts that he was denied the opportunity to call a witness and that he was never informed why his request was denied. The right to call witnesses,

however, is not absolute. The Supreme Court has reasoned that a prisoner "facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff,* 418 U.S. at 566. But even assuming, without deciding, that Plaintiff was denied some of the procedural protections outlined in *Wolff,* he still has not stated an actionable due process claim.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch,* 494 U.S. 113, 125 (1990). To state a claim that a protected liberty interest was at stake, an inmate must allege that his or her disciplinary confinement imposed an "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit has noted that "a liberty interest may arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh." *Marion v. Columbia Correction Inst.,* 559 F.3d at 697-98 (7th Cir. 2009) (collecting cases).

The first prong of this two-part analysis focuses solely on the duration of segregation. For relatively short periods of segregation, inquiry into specific conditions of confinement is unnecessary. *See Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (56 days); *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) (70 days) ("a relatively short period when one considers his 12 year prison sentence"). In these cases, the short duration of the disciplinary segregation foreclosed any due process liberty interest regardless of the conditions. *See Marion*, 559 F.3d at 698 ("we have affirmed dismissal without requiring a factual inquiry into the conditions of confinement").

In this case, Plaintiff spent only fifteen days in disciplinary segregation, which under *Marion* is too short to implicate any due process liberty concerns. As such, Count 3, against Defendant Pruitt, shall be dismissed without prejudice.

### Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) and motion for Defendants to produce requested documents remain **PENDING** and shall be referred to United States Magistrate Judge Wilkerson for a decision.

Plaintiff's motion for service of process at government expense (Doc. 4) is **DENIED as moot**. Plaintiff has already been granted leave to proceed *in forma pauperis* (Doc. 7). It is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on **COUNT 1** (excessive force claim) against Defendants **CARAWAY** and **DURBIN** and on **COUNT 2** (failure to intervene claim) against Defendant **PITT**.

**IT IS FURTHER ORDERED** that **COUNT 3** (false disciplinary charges claim) and Defendant **PRUITT** are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants **CARAWAY, DURBIN,** and **PITT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3) and motion for Defendants to produce requested documents (Doc. 5).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all*

*parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 16, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**