IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WALTER L. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-1286-NJR-DGW |
| | ) | |
| WILLIAM CARAWAY, MICHAEL DURBIN, and MAJOR PITT, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on the Motion to Amend filed by Plaintiff, Walter L. Hill, on November 16, 2016 (Doc. 45), the Motion for Appointment of Counsel filed by Plaintiff on December 14, 2016 (Doc. 47), and the Motion Regarding Sufficiency of an Answer filed by Plaintiff on January 26, 2017 (Doc. 52). For the reasons set forth below, the Motion to Amend is **DENIED**, the Motion for Appointment of Counsel is **DENIED**, and the Motion Regarding Sufficiency of an Answer is **DENIED**.

MOTION TO AMEND

In an Order entered on August 16, 2016 (Doc. 35), this Court addressed, in detail, Plaintiff's attempts to sue new defendants, Chamness and Sanders, on claims related to the alleged failure to respond to or the losing of Plaintiff's grievances. This Court held that while Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given when justice so requires, Plaintiff's claims were futile. *See Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 343, 357-358 (7th Cir. 2015). In particular, this Court found that Plaintiff cannot pursue a free-standing due process claim concerning a prison's internal grievance process. *See,*

*e.g.*, *Courtney v. Devore,* 595 F. App'x 618, 620–21 (7th Cir. 2014) ("[S]tate grievance procedures do not create substantive liberty interests protected by due process.").

Plaintiff now alleges that by destroying or failing to respond to grievances, Defendant Chamness[1] and Sanders violated his First Amendment rights by preventing him from "seeking redress through the grievance process." Plaintiff claims that they are retaliating against him for filing grievances about staff misconduct by intentionally withholding responses to his grievances or by destroying those grievances. As stated previously, the failure of prison officials to follow their own procedures regarding grievances, by ignoring them or destroying them, does not state a constitutional claim. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992). As to Plaintiff's purported First Amendment retaliation claim, there is no allegation that his speech has been chilled by any of the actions of these Defendants. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *see also Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). Similarly, Plaintiff states no claim against the defendants for impeding his access to the courts by preventing him from exhausting his administrative remedies. If a prisoner can establish that administrative remedies were unavailable under the Prison Litigation Reform Act, the prisoner is excused from the requirement that he exhaust all administrative remedies before filing suit in federal court. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). In other words, a prison official's destruction, delay, or disregard of a prisoner's grievances does not actually preclude the prisoner from filing suit. No claim arises from the mishandling of Plaintiff's grievances. Plaintiff's gripe is that they simply have not responded to his grievances or

---

[1] Plaintiff states that this Defendant is deceased. As such, Plaintiff would have to name some other legal entity that has the capacity to be sued as provided by Federal Rule of Civil Procedure 17.

haven't given him a response; such a concern does not implicate either the First or the Fourteenth Amendment.

**MOTION FOR RECRUITMENT OF COUNSEL**

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

The Court finds that Plaintiff has met his threshold burden on trying to secure counsel without Court assistance. However, counsel will not be recruited at this time. Plaintiff represents that he has a high school education and his pleadings to date have been concise and easy to understand. While Plaintiff is not well-versed in the law and may not be familiar with legal

"arcana," neither is necessary to prosecute this relatively simple action. Plaintiff's only claims relates to a single incident of excessive force. Such a claim will not require extensive or expert discovery. To the extent that Plaintiff suffers delays in receiving and filing motions, he can seek reasonable extensions of time.

**MOTION REGARDING SUFFICIENCY OF AN ANSWER**

Plaintiff objects to various responses made by Defendants to his requests to admit (Doc. 51). The Court has reviewed the responses and Plaintiff's objections. Defendants objected to all of Plaintiff's requests for admission but nonetheless provided appropriate answers. Plaintiff's objections to those answers go to disputes of fact rather than to the sufficiency of the answers. Defendants are likewise not required to explain their answers; such explanations could be sought through interrogatories or a deposition. Plaintiff will be entitled to highlight any discrepancies between Defendants' responses and other evidence on record either on summary judgment or at trial.

**CONCLUSION**

For the foregoing reasons, the Motion to Amend filed by Plaintiff, Walter L. Hill, on November 16, 2016 (Doc. 45) is **DENIED**, the Motion for Appointment of Counsel filed by Plaintiff on December 14, 2016 (Doc. 47) is **DENIED**, and the Motion Regarding Sufficiency of an Answer filed by Plaintiff on January 26, 2017 (Doc. 52) is **DENIED.**

**IT IS SO ORDERED.**

**DATED: February 10, 2017**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**