IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WALTER L. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-1286-NJR-DGW |
| | ) | |
| WILLIAM CARAWAY, MICHAEL DURBIN, and MAJOR PITT, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the motion to waive filing fee pursuant to settlement agreement (Doc. 55), the motion to compel (Doc. 59), and the motion to file motion for summary judgment (Doc. 65), all filed by Plaintiff.

In his first motion, Plaintiff seeks to waive the remainder of his filing fee pursuant to a settlement agreement. The Court directed Defendants to respond, which they (finally) did on September 13, 2017 (Doc. 64). In that response, Defendants indicated that while they did discuss the possibility of settlement at the end of Plaintiff's June 29, 2017 deposition, they had not reached any agreement at that time (Doc. 64). Plaintiff's motion, to waive the filing fee pursuant to a settlement, is accordingly **DENIED WITHOUT PREJUDICE**. Plaintiff may refile this motion if and when he reaches an actual settlement agreement with Defendants.

In his motion to compel, Plaintiff states that he served interrogatories upon Defendants in March of 2017 but that he received no response. At this deposition, he inquired after the responses and Defendants indicated that they would send him responses by July 15, 2017.[1] No responses were received, even after Plaintiff sent two letters to defense counsel in July and August

---

[1] The Court does not have a copy of the deposition transcript.

2017.  Defendants state that they received interrogatories, which numbered more than 15[2], around January 1, 2017.   In response, counsel sent Plaintiff a letter dated January 26, 2017 requesting that Plaintiff state which 15 of the interrogatories that he wanted answered.   Defendants received no response and did not receive the interrogatories served in March, 2017 (Doc. 62).   Defendants further represent that at Plaintiff's deposition, he stated he would re-serve the discovery requests but did not.   In any event, Defendants state that they responded to Plaintiff's interrogatories on September 8, 2017 (although it is not clear whether Defendants responded to the first 15 interrogatories served in January or whether they found a copy of the March interrogatories and responded to that).

At the outset, each party bears some fault in this matter.   Plaintiff should have limited his interrogatories to 15.   Defendants should have followed up on their January 2017 letter and, when no response was forthcoming, should have responded to the first 15 interrogatories actually served in timely manner.   Plaintiff also should not have waited until June 2017 to inquire after responses and should have alerted the Court sooner regarding this discovery dispute.   Now that Defendants have responded, this motion is **MOOT**.

Finally, Plaintiff seeks to file a motion for summary judgment in light of the tardy responses to his interrogatories.   While the dispositive motion filing deadline expired on July 28, 2017, Plaintiff is **GRANTED** leave to file his motion for summary judgment.   The Clerk is **DIRECTED** to file it forthwith.

**DATED: October 3, 2017**

                                                     **DONALD G. WILKERSON**
                                                   **United States Magistrate Judge**

---

[2] The Scheduling Order in this case limited interrogatories to 15 (Doc. 36).